UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS WYPYCH,

     Plaintiff,

v.

DEUTSCHE BANK NATIONAL
TRUST COMPANY, AS INDENTURE
TRUSTEE, ON BEHALF OF THE
HOLDERS OF THE ACCREDITED
MORTGAGE LOAN TRUST 2005-2
ASSET BACKED NOTES, *et al.*,

     Defendants.

_____/

Case No. 16-cv-13836
Hon. Matthew F. Leitman

## OPINION AND ORDER GRANTING
## DEFENDANTS' MOTION TO DISMISS (ECF #6)

In this action, Plaintiff Thomas Wypych ("Wypych") alleges that Defendants

Deutsche Bank National Trust Company, as Indenture Trustee, on Behalf of the

Holders of the Accredited Mortgage Loan Trust 2005-2 Asset Backed Notes ("DB")

and Portfolio Servicing, Inc. ("Portfolio") (collectively "Defendants"), violated

federal and state laws when they failed to approve him for a mortgage modification

and foreclosed on his home. Defendants now move to dismiss Wypych's Complaint

(the "Motion to Dismiss"). (*See* ECF #6.) Wypych's claims are similar, and in many

cases identical, to claims that this Court has routinely dismissed in other actions

brought by Wypych's counsel.[1]  Wypych's claims fare no better.  Therefore, for the reasons that follow, the Motion to Dismiss is **GRANTED**.

## I

In his Complaint, Wypych alleges that he was the fee simple owner of real property located at 54358 Cambridge Drive in Shelby Township, Michigan (the "Property"). (*See* Compl. at ¶¶ 4, 9, ECF #1-2 at Pg. ID 18-19.)  When he purchased the Property, Wypych took out a mortgage with Accredited Home Lenders, Inc. ("AHL"). (*See id.* at ¶11, ECF #1-2 at Pg. ID 19.)  In 2011, AHL assigned the mortgage to DB. (*See id.* at ¶16, ECF #1-2 at Pg. ID 20; *see also id.* at Pg. ID 76.)  DB sold the "loan servicing rights" to Portfolio, which "serviced [Wypych's] mortgage loan at all relevant times." (*Id.* at ¶17, ECF #1-2 at Pg. ID 20.)

"In or about August of 2013, [Wypych] began to fall behind on his mortgage payments." (*Id.* at ¶23, ECF #1-2 at Pg. ID 21.)  He then contacted Portfolio in order to "work out his mortgage obligations with a loan modification." (*Id.* at ¶24, ECF

---

[1] *See*, *e.g.*, Cruz v. Capital One, N.A., 192 F.Supp.3d 832, 838 (E.D. Mich. 2016) (granting motion to dismiss and dismissing foreclosure-related claims brought by Wypych's counsel); *Fredericks v. Mortgage Elec. Registration Sys.*, 2015 WL 3473972, at *4 (E.D. Mich. June 2, 2015) (collecting cases dismissing foreclosure claims brought by Wypych's counsel and noting that "other courts in this District have dismissed identical claims in other of Mr. Lutz's cases based on similarly vague allegations"); *Fredericks v. Allquest Home Mortg. Corp.*, 2015 WL 1966856 (E.D. Mich. Apr. 30, 2015) (same); *Goodman v. Citimortgage, Inc.*, 2015 WL 6387451 (E.D. Mich. Oct. 22, 2015) (same). *Rimer v. Bank of New York Mellon*, 2015 WL 4430292 (E.D. Mich. July 20, 2015) (same).

#1-2 at Pg. ID 21.) According to Wypych, Portfolio's "actions in this loss mitigation effort" did not comply with federal or state law. (*See*, *e.g.*, *id.* at ¶28, ECF #1-2 at Pg. ID 22.) Among other things, Wypych claims that Portfolio "routinely lost documents, misrepresented payment figures and account information, and illegally charged [him] with excessive fees and interest." (*Id.* at ¶66, ECF #1-2 at Pg. ID 26.) Wypych never worked out a loan modification with Portfolio or DB.

On or about February 10, 2016, Defendants began foreclosure by advertisement proceedings on the Property. (*See id.* at ¶42, ECF #1-2 at Pg. ID 23.) Wypych insists that Defendants did not send him timely notice of a default, failed to give him the opportunity to cure the default, and did not provide him actual notice of the scheduled sheriff's sale. (*See id.* at ¶¶ 37-41, 50, ECF #1-2 at Pg. ID 23-24.) Wypych says that if the Defendants had given him the required notices before beginning the foreclosure proceedings, he "*may* have been in a position to reinstate the Loan." (*Id.* at ¶52, ECF #1-2 at Pg. ID 25; emphasis added.)

DB purchased the Property at a sheriff's sale on April 8, 2016. (*See id.* at ¶48, ECF #1-2 at Pg. ID 24.) The redemption period for the sale was set to expire on October 8, 2016. (*See id.* at ¶55, ECF #1-2 at Pg. ID 25.)

**II**

On October 7, 2016, the day before the redemption period was scheduled to expire, Wypych filed this action in the Macomb County Circuit Court. (*See* ECF #1-2.) In the Complaint, Wypych asserts the following causes of action:

- "Declaratory Relief" (Count I);
- "Quiet Title" (Count II);
- "Illegal Foreclosure as to MCL 600.3204 et seq."(Count III);
- "Illegal Foreclosure Respecting Notice of Default" (Count IV);
- "Illegal Foreclosure Respecting Foreclosure Alternatives" (Count V);
- "Illegal Foreclosure Respecting Notice of Sale/Adjournment" (Count VI);
- "Violations of the Fair Debt Collection Practices Act" (Count VII);
- "Violations of 12 USC 2605, et seq." (Count VIII);
- "Violations of 12 CFR 1024.41, et seq. Regulation X" (Count IX);
- "Violations of 15 USC 1601, et seq. Regulation Z" (Count X);
- "Violations of 12 USC 2605, et seq. (Regulation X)" (Count XI);
- "Breach of Contract" (Count XII);
- "Intentional Misrepresentation and Fraud" (Count XIII);
- "Slander of Title" (Count XIV);
- "Declaratory Relief Foreclosure Barred by Unclean Hands" (Count XV);
- "Declaratory Relief Violation of Michigan Consumer Protection Act" (Count XVI); and
- "Request For Conversion to Judicial Foreclosure" (Count XVII).

On October 7, 2016, the Macomb County Circuit Court entered an *ex parte* temporary restraining order and order to show cause, "staying the expiration of the

redemption period" (the "Stay Order") (ECF #1-3 at 13, Pg. ID 111.)  The state court set a hearing on the Stay Order for November 14, 2016.  (*See id.* at 14, Pg. ID 112.) On October 28, 2016, before the scheduled hearing on the Stay Order, Defendants timely removed this action to this Court.  (*See* Notice of Removal, ECF #1.)  Wypych never asked this Court to extend the Stay Order nor moved to convert the stay order into an injunction, and the Stay Order expired – at the very latest – on November 11, 2016.[2]  With the expiration of the Stay Order, the redemption period resumed and expired.

On January 9, 2017, Defendants filed the Motion to Dismiss. (*See* ECF #6.)

---

[2] Under Michigan law, "a temporary restraining order granted [by a state court] without notice expires by its terms within such time after entry, not to exceed 14 days, as the court sets…." M.C.R. 3.310(B)(3).  Likewise, under federal law, a temporary restraining order "expires at the time after entry – not to exceed 14 days – that the court sets." Fed. Rule Civ. Proc. 65(b)(2).  Thus, the Stay Order most likely expired 14 days after its entry – on October 21, 2016. *See Garrow v. JPMorgan Chase Bank, N.A.*, 2016 WL 2894066, at *2 n.4 (E.D. Mich. Apr. 27, 2016) (holding in mortgage foreclosure action brought by Wypych's counsel that state-court temporary restraining order entered prior to removal expired "fourteen days after it was issued").  But in no event would the Stay Order have remained in effect 14 days following removal to this Court (which occurred on October 28, 2016). *See Granny Goose Foods, Inc. v. Brotherhood Of Teamsters & Auto Truck Drivers Local No 70 of Alameda County*, 415 U.S. 423, 439-40 (1974) ("An *ex parte* temporary restraining order issued by a state court prior to removal remains in force after removal no longer than it would have remained in effect under state law, but in no event does the order remain in force longer than the time limitations imposed by Rule 65(b), measured from the date of removal").

# III

Before the Court turns to the merits of the Motion to Dismiss, it pauses to clarify the governing legal standard. Defendants seek dismissal under Federal Rule of Civil Procedure 12(b)(6). In his response brief, Wypych argues that "a Rule 12(b)(6) motion should not be granted unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (Wypych Resp. to Mot. to Dismiss, ECF #9 at Pg. ID 381) (quoting *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).) But as this Court recently pointed out, "the Supreme Court jettisoned the 'can prove no set of facts' standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)." *Edwards v. Rougeau*, 2017 WL 727281, at *2 (E.D. Mich. Feb. 24, 2017). Thus, the standard *Wypych* relies on is no longer controlling law.[3]

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

---

[3] Wypych's counsel should be well aware of this change in the law. Last year, in a similar mortgage-foreclosure case, counsel relied upon the displaced "no set of facts" standard in his opposition to a motion to dismiss. (*See Luke v. U.S. Bank Trust, N.A.*, E.D. Mich. Case No. 16-cv-10189, Dkt. #6 at Pg. ID 242-243.) In its Order dismissing the plaintiff's claims, the Court in *Luke* noted that that the "no set of facts" standard "has not governed motions to dismiss for nearly a decade." (*Id.* at Dkt. #8, Pg. ID 341.) The Court then ordered Wypych's counsel to show cause why he should not be sanctioned for, among other things, relying upon the "no set of facts" standard. (*Id.* at Dkt. #8, Pg. ID 357.) Here, Wypych's counsel includes a citation to *Iqbal* (*see* Wypch Resp. to Mot. to Dismiss, ECF #9 at Pg. ID 391), but that does not excuse his continued reliance on the outdated "no set of facts" standard.

plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556). When assessing the sufficiency of a plaintiff's claim, a district court must accept all of a complaint's factual allegations as true. *See Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). "Mere conclusions," however, "are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664. A plaintiff must therefore provide "more than labels and conclusions," or "a formulaic recitation of the elements of a cause of action" to survive a motion to dismiss. *Twombly*, 550 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In ruling on a motion to dismiss, the Court may consider "the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The Court may also consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights,*

*Ltd.*, 551 U.S. 308, 322 (2007). This may include "documents relating the note, mortgage, assignment, loan modification process, and foreclosure that are referenced in the complaint and integral to [plaintiff's] claims." *Gardner v. Quicken Loans, Inc.*, 567 Fed. App'x 362, 365 (6th Cir. 2014).

## IV

## A

In the Motion to Dismiss, Defendants address each count of Wypych's Complaint, individually, and present separate arguments as to why each count fails to state a cognizable claim. (*See* Mot. to Dismiss, ECF #6 at Pg. ID 180-201.) Wypych has not responded in kind. Indeed, in his response to the Motion to Dismiss, Wypych ignores the vast majority of Defendants' arguments and fails to present even a perfunctory defense of most of his claims. Wypych offers no specific response to Defendants' arguments with respect to the following claims in his Complaint:

- Count I ("Declaratory Relief");
- Count II ("Quiet Title");
- Count III ("Illegal Foreclosure as to MCL 600.3204 et seq.");
- Count IV ("Illegal Foreclosure Respecting Notice of Default");
- Count VI ("Illegal Foreclosure Respecting Notice of Sale/Adjournment");
- Count VII (alleged violations of the Fair Debt Collection Practices Act);
- Count VIII ("Violations of 12 USC 2605, et seq.");

- Count X ("Violations of 12 USC 2605, et seq. (Regulation X)");
- Count XIV ("Slander of Title");
- Count XV ("Declaratory Relief Foreclosure Barred by Unclean Hands");
- Count XVI (alleged violations of the Michigan Consumer Protection Act); and
- Count XVII (alleged violations of M.C.L. § 600.3205).

The Court therefore finds these claims abandoned and **DISMISSES** these counts of the Complaint. *See Cruz v. Capital One, N.A.*, 192 F.Supp.3d 832, 838 (E.D. Mich. 2016) (dismissing multiple foreclosure related claims brought by Wypych's counsel on behalf of borrowers because borrowers "did not offer any argument in defense" of the claims in response to motion to dismiss)[4]; *Mekani v. Homecomings Fin., LLC*, 752 F. Supp. 2d 785, 797 (E.D. Mich. 2010) ("Moreover, Plaintiff has not responded to Defendant's motion to dismiss this claim, and the Court assumes he concedes this point and abandons the claim."); *Beydoun v. Countrywide Home Loans, Inc.,* 2009 WL 1803198, at *3 (E.D. Mich. June 23, 2009) (same).

---

[4] Wypych's counsel likewise "fail[ed] to address" attacks on numerous foreclosure-related claims that he brought in *Winters v. Deutsche Bank National Trust Company*, 2016 WL 5944717, at *4 (E.D. Mich. Sept. 14, 2016) ("As defendants note in their reply, Winters fails to address defendants' attacks on Counts IV, V, and VI of the complaint, regarding "slander of title," "foreclosure barred by unclean hands," and "preliminary injunction," respectively. The Court considers these claims abandoned").

**B**

In Counts III – VI of the Complaint, Wypych seeks to set aside the foreclosure on various grounds. As noted above, Wypych fails to present any response to Defendants' attacks on Counts III, IV, and VI, and the Court dismisses those claims for that reason. The Court adds that all of Wypych's claims that seek to set aside the foreclosure fail because the redemption period has expired and Wypych has failed to satisfy the requirements for setting aside a foreclosure after such expiration.

Under Michigan law, "once the statutory redemption period lapses," courts "can only entertain the setting aside of a foreclosure sale where the mortgagor has made a clear showing of fraud, or irregularity." *Conlin v. Mortgage Elec. Registration Sys.*, 714 F.3d 355, 359 (6th Cir. 2013) (internal quotation marks omitted). "It is further clear that not just any type of fraud will suffice. Rather, the misconduct must relate to the foreclosure procedure itself." *Id.* at 360 (internal punctuation omitted). Finally, a plaintiff must plead and prove prejudice. "To demonstrate such prejudice, [a plaintiff] must show that [he] would have been in a better position to preserve [his] interest in the property absent defendant's noncompliance with the statute." *Id.* at 361.

Here, Wypych has not alleged prejudice. He alleges only that absent the alleged irregularities, he "may" have been in a position to avoid foreclosure. (Compl. at ¶52, ECF #1-2 at Pg. ID 25.) That is not enough. Because Wypych does not

allege prejudice, all of his claims that seek to set aside the foreclosure fail as a matter of law.[5]

Wypych never addresses the prejudice issue in his response to the Motion to Dismiss. Instead, he raises two arguments in an attempt to save his "illegal foreclosure" claims. First, Wypych argues that Defendants engaged in "dual tracking" and wrongly initiated foreclosure proceedings while the parties were negotiating a mortgage modification that may have allowed Wypych to remain in his home. (*See* Wypych Resp. Br., ECF #9 at Pg. ID 385-387.) Second, Wypych says that his illegal foreclosure claims are viable based on a promissory-estoppel theory. (*See id.* at Pg. ID 387-390.) Both of these arguments are beside the point given Wypych's failure to allege prejudice. But even if Wypych had alleged prejudice, the Court would decline to set aside the foreclosure based upon these arguments because they lack merit.

---

[5] This Court has repeatedly dismissed foreclosure-related claims brought by Wypych's counsel where, as here, the plaintiff-borrower has failed to sufficiently allege such prejudice. *See Nadratowksi v. Mortgage Elec. Registration Sys.*, 2015 WL 519242, at *2 (E.D. Mich. Feb. 9, 2015) (dismissing nearly-identical illegal foreclosure claim brought by Wypych's counsel on behalf of different borrower in part because "[n]oticeably absent from [p]laintiff's pleadings is any suggestion of prejudice stemming from a defect in the foreclosure process"); *Goodman*, 2015 WL 6387451, at *4 ("Plaintiffs fail to suggest how, if at all, they would have been in a better position had [the defendant bank] complied with the notice requirements [under Michigan law] and thus plaintiffs failed to plausibly assert prejudice stemming from [the defendant's] actions").

This Court has described the "dual tracking" mentioned by Wypych as follows:

> Dual tracking refers to a common tactic by banks that institute foreclosure proceedings at the same time that a borrower in default seeks a loan modification. The result is that the borrower does not know where he or she stands, and by the time foreclosure becomes the lender's clear choice, it is too late for the borrower to find options to avoid it.

*Kloss v. RBS Citizens, N.A.*, 996 F.Supp.2d 574, 585 (E.D. Mich. 2014).

This Court has repeatedly held that, following the expiration of the redemption period, allegations of dual tracking are insufficient to warrant the setting aside of a foreclosure. *See*, *e.g.*, *Boluch v. J.P. Morgan Chase Band*, 2015 WL 1952285, at *2 (E.D. Mich. Apr. 29, 2015); *Radske v. Federal National Mortgage Assoc.*, 2016 WL 3667957, at *4 (E.D. Mich. July 11, 2016).[6] As noted above, a court can set aside a completed foreclosure after expiration of the redemption only where a plaintiff establishes fraud or irregularity "relat[ing] to *the foreclosure proceeding itself*." *Conlin*, 714 F.3d at 360 (emphasis added). Dual tracking,

---

[6] *See also Trudell v. Carrington Mortgage Services, LLC*, 2016 WL 6080822, at *4 (E.D. Mich. Sept. 27, 2016) (recommending dismissal of dual tracking claim and holding that "[d]espite Plaintiff's attempt to blend the loan modification process and foreclosure process, case law in this district holds each process separate"); *Stokes v. U.S. Bank Trust, N.A.*, 2016 WL 4107719, at *4 (E.D. Mich. May 6, 2016) (same).

however, relates to "loan modification process rather than the foreclosure process." *Kloss*, 996 F.Supp.2d at 585. Therefore, Wypych is not entitled to an order setting aside the foreclosure based upon his allegations of "dual tracking."[7]

**2**

In his response to the Motion to Dismiss, Wypych invokes the doctrine of "promissory estoppel" to support his claim that this Court may set aside the completed foreclosure. (*See* Wypych Resp. to Mot. to Dismiss, ECF #9 at Pg. ID 387-390.) According to Wypych:

> Defendants promised Plaintiff approval of the loan modification on submittal of the required documents. Plaintiff, relying on Defendants' statements, submitted all requisite documents timely on reasonable belief that he could be to protect his home from being foreclosed. Thereby, Defendants induced Plaintiff to refrain from defending the foreclosure, which ultimately led to the sheriff's sale causing damages to Plaintiff.

(*Id.* at Pg. ID 389.)

Wypych's reliance on the doctrine of promissory estoppel fails. As this Court has previously recognized – in a case involving Wypych's counsel – Michigan's

---

[7] Wypych appears to repeat his "dual tracking" argument in Count IX of his Complaint, titled "Violations of 12 CFR 1024.41, *et seq*. Regulation X." The only reference to Regulation X in Wypych's response to the Motion to Dismiss is located in the section in which Wypych makes his "dual tracking" argument. (*See* Wypych Resp. to Mot. to Dismiss, ECF #9 at Pg. ID 386.) Wypych's "dual tracking" claim in Count IX of his Complaint fails for the same reasons as stated above. Wypych has not raised any other arguments with respect to his claim under Count IX.

statute of frauds, M.C.L. § 566.132(2), "requires that any agreement by a financial institution to modify a loan agreement or forbear from proceeding with their foreclosure rights must be in writing and signed by an authorized agent of the financial institution." *Fredericks*, 2015 WL 3473972, at *5. And Wypych cannot avoid this statute of frauds on the basis of promissory estoppel. As this Court has explained, "under the 'unqualified and broad ban' of section 566.132," a plaintiff "is precluded from bringing a claim – no matter its label – against [a financial institution] to enforce the terms of an oral promise ... *including [an] action[] for promissory estoppel*.'" *Id.* at *6 (quoting *Crown Technology Park v. D & N Bank, FSB*, 619 N.W.2d 66, 72 (Mich. App. 2000)); *see also Koole v. Wells Fargo Bank, N.A.*, 2016 WL 1732731, at ** 7-8 (E.D. Mich. Apr. 29, 2016) (rejecting same promissory estoppel argument raised by Wypych's counsel in different mortgage foreclosure case); *Martin v. Bank of New York Mellon Corp.*, 2015 WL 7352006, at *4 (E.D. Mich. Nov. 20, 2015) (same). Thus, promissory estoppel cannot save Wypych's claims here.

## C

In Count X of the Complaint, Wypych claims that Defendants violated the federal Truth in Lending Act ("TILA") when they failed to notify him within that his mortgage loan had been sold or transferred within thirty days of that transfer. (*See* Compl. at ¶¶ 144-149, ECF #1-2 at Pg. ID 37-38.)

TILA provides a one year statute of limitations period for claims seeking damages:

> Any action under this section may brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation. This subsection does not bar a person from asserting a violation of this title in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State law.

15 U.S.C. § 1640(e).

Here, Wypych filed suit more than *five* years after his mortgage was assigned to DB. (*See* Exhibit 4 to Complaint, ECF #1-2 at Pg. ID 76, providing evidence that mortgage was assigned on February 25, 2011.) The applicable one-year statute of limitations therefore bars Wypych's TILA claim. *See Mills v. Equicredit Corp.*, 294 F.Supp.2d 903, 909-10 (E.D. Mich. 2003) (dismissing TILA claim as barred by one-year statute of limitations); *Radske*, 2016 WL 3667957, at *5 (dismissing TILA claim brought by Wypych's counsel as time barred).

Wypych counters that the Court should equitably toll the statute of limitations because "he was completely unaware of the TILA violations until shortly before he filed his state circuit court complaint." (Wypych Resp. to Mot. to Dismiss, ECF #9 at Pg. ID 395.) In order to succeed on such an equitable tolling claim, Wypych must plead and prove that "(1) the [D]efendant[s] took affirmative steps to conceal the

[his] cause of action; and (2) [he] could not have discovered the cause of action despite exercising due diligence." *Mills*, 294 F.Supp.2d at 908 (quoting *Jarrett v. Kassel*, 972 F.2d 1415, 1423 (6th Cir.1992)). Wypych does not identify any allegations in his Complaint that satisfy either of these pleading requirements. Accordingly, he is not entitled to an equitable tolling of the statute of limitations. *See*, *e.g.*, *Mrla v. FNMA*, 2016 WL 3924112 (E.D. Mich. July 21, 2016) (refusing to equitably toll TILA's one-year statute of limitations in case brought by Wypych's counsel and holding that plaintiff failed to plead defendants' alleged "wrongful concealment" of TILA claim with the required particularity).

Wypych's TILA claim fails for a second and independent reason: he has abandoned the claim. In the Motion to Dismiss, Defendants argue that the Complaint does not plausibly allege a TILA violation. Wypych ignores that argument and in his response maintains only that his TILA claim was not time-barred. Because Wypych offers no response to the attack on the sufficiency of his TILA allegations, he has abandoned his TILA claim. *See Winters*, 2016 WL 5944717, at *3 ("In her response, Winters argues at length about her entitlement to equitable tolling of the statute of limitations, but offers no response to defendants' primary argument, that the allegations fail to state a claim [under TILA]. Claims left to stand undefended against a motion to dismiss are deemed abandoned. Having

abandoned the merits of [her TILA] claim, Winters cannot succeed on it") (internal

quotation marks and citation omitted).

## D

In Count XII of the Complaint, Wypych alleges that Defendants breached his

mortgage contract when they "fail[ed] to provide [him] the notices required by the

Mortgage prior to foreclosing." (Compl. at ¶156, ECF #1-2 at Pg. ID 39.)  In the

Motion to Dismiss, Defendants argue that they fully complied with all requirements

of Wypych's mortgage and did not breach any parts of that contract. (*See* Mot. to

Dismiss, ECF #6 at Pg. ID 195-196.)  In response, Wypych does not identify any

specific provision of his mortgage that Defendants allegedly breached. (*See* Resp. to

Mot. to Dismiss, ECF #9 at Pg. ID 392-94.)  Nor does he respond in any substantive

way to Defendants' arguments that they did not breach the mortgage. (*See id.*)

Instead, Wypych argues only that "Defendants breached their duties under the

Mortgage in bad faith and his claim should be allowed to proceed." (*Id.* at Pg. ID

394.)  Wypych insists that Defendants' misconduct under the mortgage violates

Michigan's "implied covenant or good faith and fair dealing."

This Court has repeatedly rejected this same "implied covenant/breach of

contract" argument because Michigan does not recognize a claim for such a breach.

*See*, *e.g.*, *Upshaw v. Green Tree Servicing LLC*, 2015 WL 9269136, at *4 (E.D.

Mich. Dec. 21, 2015) ("Michigan does not recognize a cause of action for breach of

the implied covenant of good faith and fair dealing"); *Radske*, 2016 WL 3667957, at \*5 ("Plaintiff's claim that Defendants violated the implied covenant of good faith and fair dealing must be dismissed as a matter of law" because Michigan does not recognize that cause of action). Wypych provides no basis for the Court to rule differently here. Accordingly, because Michigan does not recognize a standalone claim for the implied covenant of good faith and fair dealing, and because Wypych has not sufficiently responded to Defendants' arguments that they did not breach any provision of the mortgage, he fails to state a viable breach of contract claim.

## E

In Count XIII of the Complaint, Wypych alleges that Defendants committed fraud with respect to his foreclosure and the negotiations he had regarding a modification to his mortgage. (*See* Compl. at ¶161, ECF #1-2 at Pg. ID 40.)

In Michigan, fraudulent misrepresentation consists of the following elements:

> (1) the defendant made a material representation; (2) the representation was false; (3) when the defendant made the representation, it knew that it was false, or made the representation recklessly, without any knowledge of its truth, and as a positive assertion; (4) the defendant made the representation with the intention that it should be acted on by the plaintiff; (5) the plaintiff acted in reliance on the representation; and (6) the plaintiff suffered injury due to his reliance on the representation.

*MacDonald v. Thomas M. Cooley Law Sch.*, 724 F.3d 654, 662 (6th Cir. 2013).

In addition:

> a party must state "with particularity" the circumstances constituting the fraud. Fed. R. Civ. P. 9(b). That means that the complaint must (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.

*Cruz*, 192 F.Supp.3d at 839-40 (internal quotation marks and citations omitted)

Here, as in numerous other cases brought by Wypych's counsel, Wypych has "not identified the specific statements that were made, by whom they were made, or where and when they were uttered." *Id.* at 940 (dismissing fraud claim brought by Wypych's counsel on behalf of different borrower). Thus, he has not satisfied his obligation under Rule 9(b) and has done nothing more than present "bare assertions" that "amount to nothing more than a formulaic recitation of [the elements of fraudulent misrepresentation].'" *Id.* (quoting *Iqbal*, 556 U.S. at 681) (internal quotation marks omitted). Because Wypych has failed to plead his fraud claim with the required particularity, it fails to state a viable claim. *See*, *e.g.*, *Frank v. Mortgage Electronic Registration Sys.*, *Inc.*, 2014 WL 6886589, at *5 (E.D. Mich. Dec. 4, 2014) (dismissing fraud claim brought on behalf of borrower by Wypych's counsel due to failure to plead fraud with required particularity); *Fredericks*, 2015 WL 3473972, at * 7 (same); *Caggins v. Bank of New York Mellon*, 2015 WL 4041350, at *3 (same).

**F**

Finally, in response to the Motion to Dismiss, Wypych appears to request that the Court "use its inherent authority to require the foreclosure to proceed judicially … under the Michigan judicial foreclosure statute." (Resp. to Mot. to Dismiss, ECF #6 at Pg. ID 399.) Wypych does not identify any authority under which the Court could exercise such power nor does he explain how the Court could enter such an order given that the redemption period has expired. Moreover, Wpych has not identified a single case in which a court has exercised its "inherent authority" to grant the relief that Wypych seeks. Given that the Court has concluded that Wypych has failed to state any viable claims against the Defendants, it will deny Wypych's request to convert his foreclosure to a judicial foreclosure.

**V**

For all of the reasons stated above, **IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF #6) is **GRANTED** and Wypych's claims against the Defendants are **DISMISSED WITH PREJUDICE**.


                                    s/Matthew F. Leitman
                                    MATTHEW F. LEITMAN
Dated:  April 10, 2017              UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 10, 2017, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113